## Woods v. McCann and Witherspoon, adm'rs.

1. An executor or administrator may report an estate insolvent when the *personal* property is insufficient to pay all the debts ; and the effect of such representation, duly certified from the County Court, will be to abate all suits then pending.

Error to the County Court of Greene.

THIS action was commenced by the plaintiff in error as endorsee of a bill of exchange against Hugh McCann, as drawer. Pending the action, the defendant died, and the suit was revived against the defendants in error, as his administrators.

To prevent the further prosecution of the suit, the defendants pleaded that they had reported the estate of their intestate insolvent, to the Judge of the County Court, and that the report and representation was by him allowed, and ordered to be recorded. To which plea the plaintiff replied *nul tiel record.* This issue being found for the defendants, judgment was rendered by the Court, that the suit abate.

On trial of the issue, a bill of exceptions was taken, which discloses, that to maintain the issue on their part, the defendants offered a record of the County Court, showing the report made by the defendants of the insolvency of the deceased, and the action of the County Court thereon. The report is an exhibit of the amount of claims in suit, particularly set forth,

| | | | | |
|---|---|---|---|---|
| amounting to, | : | : | : | : | $18,406 94 |
| Claims not in suit, | : | : | :. | : | 15,699 81 |
| Debts paid, not included in the foregoing statement, | | | | 16,000 00 |

$50,106 75

Then follows a statement of the personal assets,

amounting to     :     :     :     :     33,188 03

Amount of debts beyond personal estate,     $16,918 72

" The administrators beg leave to state that most of the larger debts mentioned in the foregoing schedule, were not presented to them, and they had no certain knowledge of their exis-

Woods *v*. McCann and Witherspoon, adm'rs.

tence until some time in the present year, as will appear by the indorsement, showing when they were presented, and after they had commenced a crop, and hence they did not apply for the sale of the personal property, until they had by the great number of suits and claims, found that the sale of the whole personal property would not be sufficient to meet the claims, in addition to the land, which had previously been ordered for sale by Judge Street. The administrators were advised that said order from Judge Street was informal, and found that the lands offered would not command a fair value, and therefore made no sale of any of said lands."

This report was, by the Judge of the County Court, ordered to be received and recorded. The report was objected to by the counsel for the plaintiff, on the ground that it did not support or sustain the plea, in this, that the plea avers that the estate of the said Hugh McCann, deceased, had been reported insolvent, when the record produced, showed that the defendants had reported only the personal estate of the deceased to be insolvent; but the Court overruled the objection, and suffered the transcript to be read. The defendants having produced no other evidence, the plaintiff insisted that the transcript so produced and read to the Court, was not sufficient to sustain the plea, because the defendants had reported the personal estate alone of the deceased insolvent and not his estate generally, as averred in the plea; and because the transcript showed that there were lands, whereof no report had been made, so as to show the estate of the deceased to be insolvent generally, as averred in the plea. But the Court decided that the transcript was sufficient to sustain the plea, and thereupon decided the issue in favor of the defendants. To which opinion of the Court, the plaintiff, by his counsel, excepted, and now assigns for error.

J. B. CLARKE, for the plaintiff in error, cited Aik. Dig. 151; Toulmin's Dig. 327, sec. 28.

MURPHY & JONES, contra, cited Aik. Dig. 152, 156; 1 vol. Phillips' Ev. 212; 2 ibid. Cowen's Notes, 522, to show that only the substance of the issue need be proved.

ORMOND, J.—The question to be determined, depends on

the construction of the statute. The portion of the act immediately applicable, is in these words: "Nor shall any suit or action be commenced or sustained against him (the executor or administrator) after the estate of the testator or intestate be represented insolvent. The counsel for the plaintiff in error, maintains that the *"representation"* of the executor or administrator, which will have the effect to prevent the commencement of a suit, or to abate one already commenced, must be both of the real and personal property of the deceased.— The language of the act is, "that when the estate, both real and personal, of any person deceased, shall be insolvent or insufficient to pay all just debts which the deceased owed, the said estate, both real and personal, shall be distributed to and among all the creditors respectively, due and owing, saving, &c. And the executor or administrator shall exhibit to the Orphan's Court or Chief Justice thereof, (before any debt paid to any creditor, except as aforesaid) an account and statement *as is directed in the twenty-eighth section of this act,* including also the lands, tenements and hereditaments of the testator, or intestate." Aik. Dig. 151. The twenty-eighth section of the act here referred to, was not incorporated in the Digest compiled by Mr Aikin, it being as he says, in a note, superseded, and therefore omitted, but as it is referred to in the section just cited, it must be looked to, to ascertain what the administrator is required to do. The 28th section provided that where an executor or administrator believed that the personal estate of his testator or intestate was insufficient to pay the debts of the deceased, he should "make and exhibit on oath, a just and true account of the personal estate and debts, as far as he could discover the same, to the Orphan's Court;" whose duty it should be to cause citation to issue; &c. Toulmin's Dig. 327, sec. 28. The law previously cited, is a part of the same act, and its obvious design was to provide a new mode for the distribution of the effects of a deceased person, when both his real and personal property was insufficient to pay all his debts. Instead of the common law mode, which then existed, (in 1803) the act provided for an equal distribution among all the creditors, except debts due for the last sickness, and the necessary funeral expenses, rateably. Although the 28th section before cited, was obviously designed to enable the executor or administra-

tor to represent an estate insolvent, when the personal proper-
ty was insufficient to pay all the debts, it did not contemplate
necessarily a rateable distribution among all the creditors as
the whole estate, real and personal, might be sufficient for that
purpose.   But we apprehend that in either case, whether the
personal estate alone was insufficient to pay the debts, or the
whole estate insolvent, the executor or administrator has. the
right to report the estate insolvent; and that upon such repre-
sentation, all suits pending against him abate.   If it were not so
under our system, an executor or administrator acting with the
most perfect good faith towards the creditors, might be ruined.
He could not plead *plene administravit*, because the real es-
tate is by law made a fund for the payment of the debts of the
estate, and it would frequently be impossible for him to know
whether the estate was wholly insolvent or not, as that fact
could only be certainly ascertained by a sale of the real estate.

Although the 28th section was not in terms re-enacted at the
compilation of the new Digest, its provisions are in force from
the operation of the act of 1822, (Aik. Dig. 180, sec. 16) which
authorises the executor or administrator to petition the County
Court for the sale of land, for the purpose of paying debts.—
Such was clearly the opinion of the digester, and doubtless
adopted by the legislature.

The appropriate and natural fund for the payment of debts,
is the personal estate; nor has the personal representative of
the deceased, as such, any control over the realty, until the es-
tate is reported insolvent.   We think it, therefore, clear, from
the legislation on this subject, considered *altogether*, that if the
executor or administrator has reason to believe that the per-
sonal estate is insufficient to pay all the debts, it is his duty to
represent the estate insolvent; and that the effect of such re-
presentation, duly certified from the County Court, is to abate
all suits then pending against him.   No prejudice can result to
creditors from this course; if the estate is not wholly insolvent,
their debts are to be paid entire; and to prevent any unnecessa-
ry delay, if the executor or administrator having reported an
estate insolvent, should omit for three months to apply for an
order to sell the real estate, he is guilty of a *devastivit*, and
may be sued on his bond.   Aik. Dig. 150, sec. 17.

Let the judgment be affirmed.